UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:13-cv-20315-KMW

CHUBB & SON, a division of
Federal Insurance Company and
GARRIDO EXPRESS, INC.,

    *Plaintiffs,*

vs.

BART ENTERPRISES INT'L LTD.,
a Bahamas corporation, QBE INSURANCE
CORPORATION, a foreign Corporation,
and ESSEX INSURANCE COMPANY,
a foreign Corporation,

    *Defendants*.

_____/

**DEFENDANT BART ENTERPRISES INT'L LTD.'S ANSWER TO
COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
AND INCORPORATED COUNTERCLAIM AND CROSSCLAIMS**

Comes now Defendant, BART ENTERPRISES INT'L LTD., ("BART"), by and through undersigned counsel, and answers the Complaint for Interpleader and Declaratory Relief filed by Plaintiffs CHUBB & SON ("CHUBB") and GARRIDO EXPRESS, INC. ("GARRIDO"), and after answering said Complaint, thereafter files its Counterclaim against CHUBB and GARRIDO, and its Crossclaims against Co-Defendants QBE INSURANCE CORPORATION ("QBE") and ESSEX INSURANCE COMPANY ("ESSEX"). First, answering the Complaint for Interpleader and Declaratory Relief, the Defendant states as follows:

**JURISDICTION, VENUE AND STATEMENT OF THE CASE**

1. Admitted.

CASE NO.: 1:13-cv-20315

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

7. Admitted that this Defendant made a direct claim for alleged cargo losses. Otherwise, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied. To the extent that paragraph 7 appears to be designed to summarize the allegations that follow in Count I of the Complaint, the Defendant incorporates their answer to Count I of the Complaint herein, to the extent one is necessary.

8. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

9. To the extent that paragraph 9 appears to be designed to summarize the allegations that follow in Count II of the Complaint, the Defendant incorporates their answer to Count II of the Complaint herein, to the extent one is necessary.

## THE PARTIES

10. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

11. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

12. Admitted.

CASE NO.: 1:13-cv-20315

13. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

14. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

## GENERAL ALLEGATIONS AND FACTS

15. Admitted.

16. Admitted that paragraph 16 appears to accurately summarize the documents attached to the Complaint as Exhibits "A" and "B." The second sentence is admitted.

17. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

18. Denied that the cargo was picked up on May 5, 2011. Admitted that Garrido was uninformed as to the cargo's contents. As to all other allegations, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

19. Denied that Garrido departed with the cargo on May 9, 2011. As to all other allegations, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

20. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

21. Admitted that on May 18, 2011 the truck, trailer and cargo were reported stolen. Admitted that the investigator located the truck with all of its contents gone. Admitted that the cargo was never located. As to all other allegations, without

sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

22. The first sentence is admitted. As to all other allegations, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

23. Admitted.

24. Admitted, that BART made and collected upon a claim under the ESSEX Policy. Denied that ESSEX thereby acquired subrogation rights assertable against the Policy here at issue.

25. As to the first sentence, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied. As to the second sentence, denied.

26. To the extent that the first sentence in paragraph 26 appears to be imposing requirements upon this defendant which have no basis in law, denied. As to the second sentence, denied as to this Defendant. As to all other Defendants, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

27. Admitted only that the cited portions of Federal Law appear to be accurately represented. Otherwise, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

28. Without sufficient information or knowledge to form a belief as to the truth of the allegation that "a complete record of correspondence" was attached as Exhibit "D," and therefore denied.

CASE NO.: 1:13-cv-20315

29. Without sufficient information or knowledge to form a belief as to the truth of the allegation that "a complete record of correspondence" was attached as Exhibit "E," and therefore denied.

30. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

31. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

32. Admitted that this Defendant notified Garrido of its claim. Denied that paragraph 32 accurately reflects the communication between this Defendant and Garrido.

33. Admitted that paragraph 33 appears to accurately summarize the documents attached to the Complaint as Exhibits "E-2" and "E-3."

34. Admitted that the first sentence appears to accurately summarize the document attached to the Complaint as Exhibit "E-4." Otherwise, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied, including footnote 2.

35. Admitted that paragraph 35 (a)-(c) appears to accurately summarize the documents attached to the Complaint as Exhibit "E-5."

36. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

37. Without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

38. Denied.

39. Denied as to this Defendant. As to all other Defendants, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied. Denied that Plaintiffs have been unable to enter into reasonable settlement negotiations and were forced to file this action.

## COUNT I
## INTERPLEADER OF DEFENDANTS

40. The first sentence is admitted. As for the second sentence, admitted that a common source held by CHUBB through the Chubb Policy provides cargo coverage for the losses claimed, but denied that said claim is unsupported by any viable evidence from this Defendant. As to all other Defendants, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied. As to the final sentence, admitted.

41. Denied as phrased.

42. Denied as phrased.

43. To the extent that paragraph 43 appears to be designed to describe an action that has not yet occurred and will allegedly be taken in the future, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation and therefore denied. Otherwise, denied.

44. Denied to the extent that CHUBB is entitled to statutory interest.

## COUNT II
## COMPLAINT FOR DECLARATORY RELIEF

45. To the extent that paragraph 45 appears to be a prayer for relief as opposed to an allegation, denied that the Plaintiff is entitled to such relief as it pertains to this Defendant.

CASE NO.: 1:13-cv-20315

46. The first sentence is admitted. The second sentence is denied.

47. Admitted only that the cited portions of Federal Law appear to be accurately portrayed.

48. Admitted only that the cited portion of the Federal Rules of Civil Procedure appears to be accurately portrayed.

49. The first sentence is admitted. The second sentence is denied.

50. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied. To the extent that the remainder of paragraph 50 appears to be imposing requirements upon this defendant which have no basis in law, denied.

51. Denied as to this Defendant. As to all other Defendants, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

52. Denied that this Defendant's demand is arbitrary and denied as to any such requirements imposed upon this Defendant. As to all other Defendants, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

53. To the extent that paragraph 53 appears to be a hybrid prayer for relief with allegations, denied that the Plaintiff is entitled to such relief as to this Defendant. Any allegations contained therein are specifically denied as to this Defendant. As to all other Defendants, without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denied.

54. All allegations not specifically admitted herein are denied.

CASE NO.: 1:13-cv-20315

WHEREFORE, Defendant, BART, respectfully requests judgment as follows:

   a. For a Declaration that the full amount of the interpleaded funds should be released from the Court Registry to the Defendant, BART;

   b. Require the stakeholder to pay interest on the funds in dispute prior to the time said funds were deposited with the court;

   c. Fees and costs incurred herein;

   d. For such other and further relief as the court may deem just and proper.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55. Defendant reiterates their responses to Plaintiffs' allegations as set forth in paragraphs 1 through 54 hereinabove, and further states:

56. Plaintiff is not entitled to an award of legal fees and costs as requested as the Plaintiff is an interested stakeholder who has not conceded liability.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57. Defendant reiterates their responses to Plaintiffs' allegations as set forth in paragraphs 1 through 54 hereinabove, and further states:

58. Plaintiffs have no interest in the interpleaded funds and should therefore be dismissed from this action.

## DEFENDANT BART ENTERPRISES INT'L LTD.'S INCORPORATED COUNTERCLAIM AGAINST PLAINTIFFS CHUBB & SON AND GARRIDO EXPRESS, INC.. AND CROSSCLAIMS AGAINST QBE INSURANCE CORPORATION AND ESSEX INSURANCE COMPANY

COMES NOW the Defendant and Counter/Cross-Plaintiff, BART ENTERPRISES INT'L LTD. ("BART"), by and through undersigned counsel, and files this Counterclaim against

CASE NO.: 1:13-cv-20315

the Plaintiffs, CHUBB & SON ("CHUBB") and GARRIDO EXPRESS, INC. ("GARRIDO"), and Crossclaims against the Defendants, QBE INSURANCE CORPORATION ("QBE") and ESSEX INSURANCE COMPANY ("ESSEX") pursuant to Fed. R. Civ. P. 13, and in support thereof states as follows:

59. Defendant/Counter-Plaintiff/Cross-Plaintiff, BART, adopts all of its admissions and denials in its Answer to the Complaint for Interpleader and Declaratory Relief above.

60. This is a compulsory counterclaim against the Plaintiffs, CHUBB and GARRIDO, authorized by Fed. R. Civ. P. 13, for declaratory relief as to rights in the common fund, *to wit*, the $100,000.00 Policy Limits purported to be available under the Chubb Policy that has been deposited into the court registry.

61. The counterclaim for declaratory relief is a compulsory counterclaim as authorized by Fed. R. Civ. P. 13, as it arises out of the transaction or occurrence that is the subject matter of Plaintiffs' claim and it does not require adding another party over whom the court cannot acquire jurisdiction. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367(a).

62. This is also a Crossclaim against the other Co-Defendants, QBE and ESSEX, for declaratory relief as to rights in the common fund, *to wit*, the $100,000.00 Policy Limits purported to be available under the Chubb Policy that has been deposited into the court registry.

63. The crossclaim for declaratory relief is authorized by Fed. R. Civ. P. 13, as it arises out of the transaction or occurrence that is the subject matter of the original action, and it relates to the property that is the subject matter of the original action, *to wit*,

CASE NO.: 1:13-cv-20315

the $100,000.00 Policy Limits purported to be available under the Chubb Policy that has been deposited into the court registry. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367(a).

64. Declaratory relief is authorized under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

**GENERAL FACTS**

65. BART owned a video library consisting of a one thousand ninety-five and one quarter (1095.25) tape hours of intellectual property ("the Library") and certain high end bottles of wine ("Wine").

66. On May 12, 2011, the Library and Wine left Miami, Florida for Los Angeles, California in a climate controlled secured cargo container by way of carrier, GARRIDO. Delivery was expected to occur in Los Angeles, California on or around mid-day of May 18, 2011.

67. At or around 1:00 am on May 18, 2011, the truck with the climate controlled secured container attached was stolen from a truck stop in Coachella, California.

68. Upon receiving notice of the theft, BART made a timely and proper claim for cargo losses against GARRIDO.

69. GARRIDO and its insurer CHUBB have received all information required to support the claim of BART and its entitlement to the $100,000.00 Policy Limits purported to be available under the Chubb Policy that has been deposited into the court registry.

70. Despite the fact that BART has sustained losses well in excess of the $100,000.00 Policy Limits purported to be available under the Chubb Policy, CHUBB has refused BART'S reasonable demand for same.

71. BART is entitled to recover under the Bill of Lading attached as Exhibit "B" to Plaintiffs' Complaint. Said exhibit is expressly incorporated by reference herein.

## COUNTERCLAIM

72. In support of its Counterclaim, Defendant/Counter-Plaintiff, BART, re-alleges and incorporates paragraphs 59-71 above, as if fully set forth herein.

73. Plaintiffs/Counter-Defendants CHUBB and GARRIDO have no interest in the interpleaded funds.

## CROSSCLAIMS

74. In support of its Crossclaims, Defendant/Cross-Plaintiff, BART, re-alleges and incorporates paragraphs 59-71 above, as if fully set forth herein.

75. BART'S entitlement to the $100,000.00 Policy Limits purported to be available under the Chubb Policy that has been deposited into the court registry is superior to any claimed entitlement of Co-Defendant/Cross-Defendant, QBE.

76. BART'S entitlement to the $100,000.00 Policy Limits purported to be available under the Chubb Policy that has been deposited into the court registry is superior to any claimed entitlement of Co-Defendant/Cross-Defendant, ESSEX.

WHEREFORE, Defendant and Counter/Cross-Plaintiff BART, respectfully requests judgment as follows:

    a. For a Declaration that CHUBB and GARRIDO have no interest in the interpleaded funds;

b. For a Declaration that BART'S entitlement to the $100,000.00 Policy Limits purported to be available under the Chubb Policy that has been deposited into the court registry is superior to any claimed entitlement of QBE and ESSEX;

c. For a Declaration that the full amount of the interpleaded funds should be released from the Court Registry to the Defendant, BART;

d. Require the stakeholder to pay interest on the funds in dispute prior to the time said funds were deposited with the court;

e. Fees and costs incurred herein;

f. For such other and further relief as the court may deem just and proper.

>Respectfully submitted,
>
>/s/ Brenton N. Ver Ploeg
>Brenton N. Ver Ploeg
>bverploeg@vpl-law.com
>**VER PLOEG & LUMPKIN, P.A.**
>100 S.E. 2nd Street
>30th Floor
>Miami, FL 33131
>Telephone: (305) 577-3996
>Facsimile: (305) 577-3558
>*Attorneys for Bart Enterprises Int'l Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2013 a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record on the Service List below.

>/s/ Brenton N. Ver Ploeg
>**Brenton N. Ver Ploeg**

CASE NO.: 1:13-cv-20315

**SERVICE LIST**
**CASE NO.: 1:13-cv-20315-KMW**

Robert B. Birthisel, Esq.
rbirthisel@hamiltonmillerlaw.com
Michael J. Bradford, Esq.
mbradford@hamiltonmillerlaw.com
Julie A. Aiello, Esq.
jaiello@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
100 S. Ashley Drive
Suite 1210
Tampa, FL 33602
Telephone: (813) 223-1900
Facsimile: (813) 223-1933
*Attorneys for Chubb & Son and Garrido Express, Inc.*